**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

KEITH DRUMMOND,  )
                                )    3:11-cv-00303-LRH-VPC
        Plaintiff, )
                                )
     v.                               )    **REPORT AND RECOMMENDATION
                                )**    **OF U.S. MAGISTRATE JUDGE**
ELDON K. MCDANIEL, *et al.*, )
                                )
        Defendants. )    December 2, 2011
_____)

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#12).[1] Plaintiff did not oppose and defendants did not file a reply. The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#12) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

        Plaintiff Keith Drummond ("plaintiff"), a *pro se* inmate, is incarcerated at Ely State Prison ("ESP"), in the custody of the Nevada Department of Corrections ("N DOC") (#5). Plaintiff filed his original complaint in the Seventh Judicial District Court of the State of Nevada in White Pine County, and defendants removed to federal court (#1). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights in connection with a disciplinary hearing and a disciplinary appeal, which resulted in plaintiff's placement in disciplinary segregation for two years (#5). This court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed plaintiff's due process claim to proceed against defendants Sedlacek, Thompson, and McDaniel (#4). Defendant Sedlacek was the officer at plaintiff's disciplinary hearing, and defendant McDaniel was the warden who upheld the appeal of plaintiff's guilty disciplinary finding (#12, p. 3). Defendant Thompson was an investigator at ESP (#5, p. 1).

---

     [1]      Refers to the court's docket number.

1  This court provided plaintiff with notice that this action would be dismissed as to defendant
2  Thompson if service did not occur on or before November 20, 2011 (#14). Because plaintiff did
3  not serve defendant Thompson by that date, the court dismissed defendant Thompson from this
4  action without prejudice for failure to complete service of process pursuant to Federal Rule of Civil
5  Procedure 4(m) (#16).

6  In his complaint, plaintiff alleges he was charged with disciplinary violations for
7  participating in a physical altercation among inmates on March 10, 2010, at Ely Conservation Camp
8  (#5, p. 1). Plaintiff asserts that he was not involved in the altercation, but that the prison falsely
9  charged plaintiff with disciplinary violations of assault and battery. *Id*. Plaintiff claims there was
10 no evidence that he was involved in the March 10, 2010, incident, and that defendants falsified
11 documents concerning the disciplinary finding. *Id*. at 2. Plaintiff argues defendants denied him the
12 right to call witnesses in his own defense at the disciplinary hearing. *Id*. at 1. Plaintiff further
13 alleges that as a result of the disciplinary hearing, he was placed in disciplinary segregation for two
14 years. *Id*. Plaintiff also lost 160 good time credits as a result of the disciplinary sanction against
15 him (#12, Ex. A). The court screened this action and entered an order on May 16, 2011,
16 determining that plaintiff presented sufficient facts to allow the Fourteenth Amendment due process
17 claim to proceed against defendants (#4).

18 Defendants McDaniel and Sedlacek ("defendants") bring the instant motion to dismiss
19 plaintiff's complaint and argue: (1) plaintiff's complaint is barred because if successful, it would
20 necessarily imply the invalidity of the length of plaintiff's confinement; (2) defendant McDaniel
21 did not personally participate in the alleged constitutional violation; and (3) defendants are entitled
22 to qualified immunity (#12).

23 On August 23, 2011, defendants filed their motion to dismiss. *Id*. On August 24, 2011, the
24 court issued its standard order pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988),
25 informing plaintiff of his rights and responsibilities in responding to dispositive motions (#13). The
26 court *sua sponte* granted plaintiff an extension of time until November 18, 2011, to file his
27 opposition to defendants' motion to dismiss (#15). To date, plaintiff has failed to file an opposition
28 to defendants' motion to dismiss and has failed to request additional time in which to do so. LR

1  7-2 states that, "[t]he failure of an opposing party to file points and authorities in response to any
2  motion shall constitute a consent to the granting of the motion."  Notwithstanding that plaintiff
3  failed to oppose, and the court recommends that defendants' motion to dismiss be granted, the court
4  reviews defendants' arguments in their motion to dismiss.

## II. DISCUSSION & ANALYSIS

A.     Discussion

    1.     **Motion to Dismiss**

"A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm*., 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint need not contain dsetailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555.  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted).  The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

When considering a motion to dismiss for failure to state a claim upon which relief may be granted, the court employs a two-pronged approach. *Id*. at 1955.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. at 1949.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 1950.  In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).  Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2)

3

1  insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan*, 88
2  F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534
3  (9th Cir. 1984)).
4        Under section 1983, a plaintiff must allege that: (1) defendants subjected him to the
5  deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law;
6  and (2) defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*
7  *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
8        A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where
9  it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County,*
10 *State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996).  Although allegations of a *pro se* complaint are held
11 to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S.
12 519, 596 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628,
13 634 (9th Cir. 1988).
14 **B.**   **Analysis**
15      **1.**   ***Heck* Bar**
16       Defendants argue plaintiff's complaint is barred, and should be dismissed because the
17 allegations, if proven, necessarily imply the invalidity of the disciplinary action which affects the
18 length of plaintiff's confinement, and plaintiff has not demonstrated that the prison disciplinary
19 hearing was previously invalidated (#12, pp. 5-6).  Defendants indicate that plaintiff brought a
20 habeas corpus petition in state court challenging the outcome of the disciplinary hearing. *Id*. at 5,
21 Ex. A.  The state court found the following: (1) the prison established plaintiff's guilt by evidence
22 demonstrating plaintiff's involvement in the assault; (2) the allegedly forged document was a
23 supplemental form, which accurately reflected the copy found in plaintiff's file; (3) plaintiff
24 produced no evidence showing the hearing officer had not been impartial; and (4) plaintiff had been
25 afforded an opportunity to call witnesses, which he declined. *See id*. at pp. 3-7.  The state court held
26 that plaintiff was afforded due process, and thus declined to reinstate his 160 good time credits. *Id*.
27 at 7.
28       The Supreme Court has repeatedly held that a prisoner in state custody cannot use a section

1983 action to challenge "the fact or duration of his confinement." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Instead, a prisoner must seek relief by filing a federal habeas corpus petition or by seeking appropriate state relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). The rule in *Heck* prevents a plaintiff from employing a § 1983 action to undermine an action which affects his length of confinement when other legal means exist for attacking that conviction or sentence. In *Heck*, the Supreme Court noted:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. Subsequent cases expanded the applicability of the *Heck* rule. The Supreme Court noted:

> . . . a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 544 U.S. at 82. Thus, while *Heck* itself only bars suit for damages, its holding has been extended to bar § 1983 suits irrespective of whether the plaintiff seeks monetary damages or equitable relief. *Id*.

Plaintiff alleges defendants violated his due process rights during his disciplinary hearing, and he seeks monetary, injunctive, and declaratory relief (#5, p. 3). If plaintiff were successful in challenging his disciplinary proceeding based on due process violations, expungement of the disciplinary sanction would necessarily affect the duration of his confinement through reinstatement of his good time credits. In *Edwards*, the Supreme Court held that prisoner procedural due process claims that necessarily implicate the validity of a prison disciplinary sanction are barred unless and until the disciplinary proceeding is invalidated. 520 U.S. at 645. The court takes judicial notice of the state court's order denying plaintiff's habeas corpus petition pursuant to Federal Rule of Evidence 201. The state court held that plaintiff's due process rights were not violated, and

1 therefore denied a reinstatement of plaintiff's 160 good time credits (#12, Ex. A). Defendants'
2 motion to dismiss plaintiff's complaint pursuant to *Edwards* should be granted insofar as plaintiff
3 seeks to invalidate the disciplinary hearing or overturn his disciplinary conviction.

### 2. Personal Participation

Defendants argue that defendant McDaniel should be dismissed from this action because he did not personally participate in the alleged due process violations (#12, p. 6). Liability under section 1983 must be based on the personal involvement of the defendant. 42 U.S.C. § 1983. Under section 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participated in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. (citation omitted). Moreover, "[a] supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)).

Plaintiff alleges that defendant McDaniel violated his due process rights when he upheld the disciplinary findings against plaintiff, which plaintiff alleges were based on forged documents (#5, p. 2). Plaintiff claims defendant McDaniel "issued an entirely different set of disciplinary records that are forgeries of the originals." *Id*. However, the state court's order dismissing plaintiff's petition for writ of habeas corpus addressed plaintiff's claim that defendants forged documents. The state court held that the documents regarding plaintiff's finding of guilt were not falsified but were a supplemental, and clarified the information used to find plaintiff guilty. Therefore, the supplemental form accurately reflected the copy found in plaintiff's inmate file (#12, Ex. A, p. 5).

The state court further held that the evidence used against plaintiff in his disciplinary hearing was "sufficient evidence to satisfy the 'some evidence' standard to find Petitioner guilty." *Id*. Thus, the state court has already determined that the documents used to find plaintiff guilty were not fraudulent and denied all of plaintiff's factual claims. *Id.* at 4. Because plaintiff's claim against defendant McDaniel is directly related to his allegation that defendants forged documents, defendants' motion to dismiss the complaint as to defendant McDaniel should be granted.

Because the court grants defendants' motion to dismiss based on the aforementioned grounds, the court need not address defendants' argument based on qualified immunity.

### III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that by failing to oppose, plaintiff has consented to the granting of defendants' motion (#12) and the court recommends defendants' motion to dismiss (#12) plaintiff's complaint be **GRANTED**, and that plaintiff's complaint be **DISMISSED with prejudice**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss plaintiff's complaint (#12) be **GRANTED** and that plaintiff's complaint be **DISMISSED with prejudice**.

**DATED:** December 2, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**